**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **COMMUNITYCARE HMO, Inc.**, | ) |
| Plaintiff, | ) ) ) |
| vs. | )   No. 06-CV-197-TCK-SAJ ) |
| **MEMBERHEALTH, Inc., COMMUNITY CARE RX, LLC, NATIONAL COMMUNITY PHARMACISTS ASSOCIATION,** | ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff Community Care HMO, Inc.'s ("CCHMO") Motion to Dismiss Defendants' First and Third Counterclaims (Docket No. 44). On May 9, 2006, the Court granted in part Plaintiff's Motion for Temporary Restraining Order and granted in part and denied in part Defendants' Motion to Dismiss. On May 23, 2006, Defendants filed their Answer and Counterclaims. On June 16, 2006, CCHMO filed the instant motion, moving to dismiss one subpart of Defendants' first counterclaim for breach of contract and moving to dismiss Defendants' third counterclaim for "Declaration of Rights."[1]

A court may dismiss a complaint for failure to state a claim only if it is clear that the plaintiff

---

[1] The May 9, 2006 Order, which is incorporated herein by reference, contains a detailed factual background and procedural history of both cases filed before this Court. To summarize, the first case resulted in a settlement agreement; the second case was filed when Defendants allegedly breached the settlement agreement; and the counterclaims at issue were asserted by Defendants upon the Court's granting of a temporary restraining order and denial of Defendants' own motion to dismiss.

can prove no set of facts in support of his claim entitling him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Calderon v. Kansas Dep't of Social & Rehabilitation Servs.*, 181 F.3d 1180, 1183 (10th Cir. 1999). For purposes of making this determination, a court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *See Realmonte v. Reeves*, 169 F.3d 1280, 1283 (10th Cir. 1999). As granting a motion to dismiss is a harsh remedy, it must be cautiously studied, both to effectuate the spirit of the liberal rules of pleading and to protect the interests of justice. *See Cottrell, Inc. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1251 (10th Cir. 1999). In this case, the Court has considered the face of Defendants' Counterclaim and the Settlement Agreement entered by the parties on November 17, 2005 (the "Settlement Agreement"), which is attached to Defendants' Counterclaim as an exhibit and is incorporated therein.

      Defendants' first counterclaim for breach of contract alleges two separate breaches of the Settlement Agreement, one relating to Paragraphs 1(d) and 5 of the Settlement Agreement and one relating to Paragraph 7 of the Settlement Agreement. CCHMO moves to dismiss the portion of the first counterclaim relating to Paragraph 7 of the Settlement Agreement, which is contained at Paragraphs 20-22 of Defendants' Answer to Verified Complaint, Affirmative Defenses, and Counterclaims (Docket No. 39). As an initial matter, the Court finds CCHMO's motion is procedurally proper pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Rule 12(b)(6) can only be used to dismiss an entire claim and cannot be used to dismiss portions of a claim. The Court finds that, where there are separate and distinct breaches of contract alleged as part of a single cause of action, a party may move to dismiss those portions of the claim that fail to state a claim for relief. *See Servpro Indus., Inc.* v. *Schmidt*, No. 94C5866, 1997 WL 361591, at *

4-7 (N.D. Ill. June 20, 1997) (addressing different theories of same cause of action for breach of contract separately for purposes of futility of amendment, which required analysis under Rule 12(b)(6)).

Paragraph 7 of the Settlement Agreement contains reciprocal promises regarding challenges to each of the parties' respective marks and provides in pertinent part:

> CCHMO agrees not to oppose, challenge, or petition against the use or registration, in any country, in any trademark office, court, administrative or other government body other than in the State of Oklahoma, of the COMMUNITY CARE RX mark, or petition to cancel any application, registration, or re-registration of the COMMUNITY CARE RX mark by MemberHealth, the National Community Pharmacists Association or the National Community Pharmacists Association's affiliated entities.  MemberHealth agrees not to oppose, challenge, or petition against the use or registration, in Oklahoma of the COMMUNITY CARE mark or petition to cancel any application, regulation, or re-registration of the COMMUNITY CARE mark in Oklahoma by CCHMO.

(*See* Defendants' Answer to Verified Complaint, Affirmative Defenses, and Counterclaims at Ex. 1.)  Defendants contend CCHMO breached Paragraph 7 by asserting CCHMO's sixth claim for relief in this case, which seeks an order requiring the U.S. Patent and Trademark Office to refuse or cancel Defendant National Community Pharmacists Association's registration of Community Care RX.  Ordinarily, CCHMO's assertion of its sixth claim for relief would violate CCHMO's promise not to "petition to cancel" Defendants' Community Care RX mark.  However, CCHMO's sixth claim for relief is clearly premised on recision of the Settlement Agreement, and CCHMO seeks such relief only in the event the Settlement Agreement is rescinded and is therefore not enforced by the Court.  (*See* Verified Complaint at ¶ 62 ("NCPA is not entitled to registration of the mark "Community Care Rx," and CommunityCare therefore requests that the Court, upon rescinding the Agreement, issue an Order to the PTO requiring that it refuse registration of the mark . . . .").)

3

In the event the Court rescinds the Settlement Agreement, Paragraph 7 would cease to exist and CCHMO's sixth claim for relief would not be in violation thereof. Therefore, the Court concludes that CCHMO's assertion of its sixth claim for relief, which would come into play only in the event the Settlement Agreement is rescinded, cannot be in violation of Paragraph 7 of the Settlement Agreement. CCHMO's motion to dismiss Defendants' first counterclaim for breach of contract is granted to the extent such counterclaim asserts a breach of Paragraph 7 of the Settlement Agreement.

Defendants' third counterclaim seeks a "declaration that CCHMO has no protectable trademark rights in the term COMMUNITYCARE for use in conjunction with health care services." (Answer to Verified Compl., Affirmative Defenses, and Counterclaims at ¶ 35.) Unlike CCHMO's sixth claim, Defendants' third counterclaim is not premised on recision of the Settlement Agreement. CCHMO argues that the third counterclaim must be dismissed because the requested relief would be in direct violation of Defendant MemberHealth's promise not to "oppose, challenge, or petition against the use or registration, in Oklahoma of the COMMUNITY CARE RX mark."[2] Defendants contend that, by requesting a declaration that CCHMO has no protectable trademark rights in the term CommunityCare, they are not opposing, challenging, or petitioning against CCHMO's use or registration of the term. Instead, they "are merely challenging CCHMO's right to preclude others from using the term." (Defs.' Resp. to Plf.'s Mot. to Dismiss Defs.' First and Third Counterclaims at 4.) Defendants also argue that Paragraph 7 of the Settlement Agreement prohibits challenges of *federal* trademark use or registration but does not extend to challenges of *common law* trademark rights. (*Id.* at n.1.)

---

[2] Only Defendant MemberHealth is a signatory to the Settlement Agreement. However, Defendants do not raise the argument that the counterclaim may be asserted by the other two Defendants in the case because they are not parties to the Settlement Agreement. Therefore, the Court will not address this argument.

4

Defendants' position is not supported by the text of the Settlement Agreement, which extends to challenges to "use or registration . . . of the mark." Defendants' third counterclaim, if granted, would result in a declaration that CCHMO has no protectable rights in the term CommunityCare in the Oklahoma market. The Court views this counterclaim as direct opposition to CCHMO's "use" of the CommunityCare mark. If the Court grants Defendants' requested relief, CCHMO would cease to have any trademark protection in the CommunityCare mark and would therefore cease to have the ability to "use" the "mark," as contemplated by the Settlement Agreement. CCHMO would instead have only the ability to "use" an unprotected phrase along with any other competitor who desired to do so. Defendants' proposed interpretation of Paragraph 7 of the Settlement Agreement renders the words "use" and "mark" virtually meaningless. Defendants' position is also not supported by the claims asserted in the prior lawsuit, which form the basis of the Settlement Agreement. CCHMO has never claimed any federal trademark protection, and the underlying lawsuit involved only common law trademark rights. The Court agrees with CCHMO that "it is nonsensical to suggest that Paragraph 7 is somehow bounded by federal trademark statutes." (Reply in Support of Plf.'s Mot. to Dismiss Defs.' First and Third Counterclaims at 5.) Accordingly, Paragraph 7 of the Settlement Agreement prohibits Defendants from asserting their third counterclaim, unless such claim is premised on recision of the Settlement Agreement.

CCHMO's Motion to Dismiss Defendants' First and Third Counterclaims (Docket No. 44). is GRANTED. Specifically, the portion of Defendants' first counterclaim asserting a breach of Paragraph 7 of the Settlement Agreement is DISMISSED; and Defendants' third counterclaim is DISMISSED in its entirety. If Defendants wish to assert their third counterclaim as an alternative claim premised on recision of the Settlement Agreement, they shall be allowed to amend their

counterclaim no later than January 11, 2007.

Ordered this 3rd day of January, 2007

*[signature: Terence Kern]*

**TERENCE KERN**
**United States District Judge**