IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **COMMUNITYCARE HMO, INC.,**<br><br>PLAINTIFF,<br><br>v.<br><br>**MEMBERHEALTH, INC.**<br>**COMMUNITY CARE RX, LLC, AND**<br>**NATIONAL COMMUNITY PHARMACISTS**<br>**ASSOCIATION,**<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 06-CV-197 TCK-SAJ** |

**DEFENDANTS' AMENDED COUNTERCLAIMS**

Pursuant to the Court's January 3, 2007 Order, Defendants MemberHealth, Inc., Community Care Rx, LLC, and the National Community Pharmacists Association allege as follows for their amended counterclaims against Plaintiff CommunityCare HMO, Inc.:

**THE PARTIES**

1. MemberHealth is a corporation organized under the laws of Ohio, with its principal place of business at 29100 Aurora Road, Suite 301, in Solon, Ohio.

2. NCPA is a corporation organized under the laws of Virginia, with its principal place of business at 100 Daingerfield Road in Alexandria, Virginia. NCPA is the parent company of Community Care Rx.

3. Community Care Rx is a limited liability company organized under the laws of Delaware, with its principal place of business at 100 Daingerfield Road in Alexandria, Virginia. Community Care Rx is a wholly owned subsidiary of NCPA.

4. CCHMO is a corporation organized under the laws of Oklahoma, with its principal place of business at 218 W. 6th Street in Tulsa, Oklahoma.

**JURISDICTION AND VENUE**

5. Jurisdiction for Defendants' counterclaims is proper under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over CCHMO.

7. Venue is proper under 28 U.S.C. § 1391(a).

**FIRST COUNTERCLAIM – BREACH OF CONTRACT**

8. Defendants re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 7 of the Counterclaims.

9. On November 4, 2005, CCHMO filed a Verified Petition against MemberHealth in Tulsa County District Court alleging trademark infringement and unfair competition under the common law and deceptive trade practices and passing off under the common law and 78 Okla. Stat. §§ 51 *et seq.*

10. On November 8, 2005, MemberHealth removed CCHMO's lawsuit against it from the Tulsa County District Court to this Court.

11. On November 17, 2005, CCHMO and MemberHealth entered into a valid, enforceable settlement agreement ("Settlement Agreement").

12. A copy of the executed Settlement Agreement is attached hereto as Exhibit 1.

13. Paragraph 1(d) of the Settlement Agreement states:

> If CCHMO learns of any violations of Paragraph 1, CCHMO will promptly notify MemberHealth and MemberHealth will take prompt action to ensure compliance by the enroller with the procedures of this paragraph 1.

14. Paragraph 5 of the Settlement Agreement states:

> The parties agree to take such action as may be necessary to avoid confusion between MemberHealth and CCHMO.

15. MemberHealth has performed all of its promises under the Settlement Agreement.

16. NCPA and Community Care Rx have complied with the terms of the Settlement Agreement.

17. CCHMO was obligated under the Settlement Agreement to notify MemberHealth of alleged violations of the Settlement Agreement and work with MemberHealth to take such action as may be necessary to avoid confusion between MemberHealth and CCHMO.

18. After the execution of the Settlement Agreement but prior to the filing of this Complaint, CCHMO did not notify MemberHealth of certain issues that were not raised until the filing of CCHMO's Verified Complaint or the filing of CCHMO's Brief in Support of Its Motion for a Temporary Restraining Order and Preliminary Injunction.

19. CCHMO breached its obligations under paragraphs 1(d) and 5 of the Settlement Agreement.

**SECOND COUNTERCLAIM – TORTIOUS INTERFERENCE**

20. Defendants re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 19 of the Counterclaims.

21. Some or all of Defendants have contractual or business relationships, both actual and/or prospective, with CMS, their enrolled participants, their enrollers, various suppliers and purveyors of their products and services, and with each other.

22. CCHMO has maliciously and wrongfully interfered with those actual and prospective business and contractual relationships. CCHMO's actions were not justified, privileged, or excusable.

23. CCHMO's malicious and wrongful actions include, *inter alia*, efforts to confuse and intimidate Defendants' participants and prospective participants regarding the effect of enrolling in Defendants' plans. Such actions were malicious, wrongful, and not justified, privileged, or excusable.

24. As a direct result of CCHMO's tortious interference, Defendants have suffered damages to those actual contractual relationships, prospective business relationships, and their reputations.

**THIRD COUNTERCLAIM – DECLARATION OF RIGHTS**

25. Defendants re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 24 of the Counterclaims.

26. In light of CCHMO's pending litigation, Defendants, as interested parties, have standing to seek a declaratory judgment that CCHMO has no protectable trademark rights in the term COMMUNITYCARE.

27. CCHMO claims it enjoys common law trademark rights in the State of Oklahoma in the mark COMMUNITYCARE for use in connection with health care services.

28. COMMUNITYCARE is merely descriptive of CCHMO's services, namely providing health care services to communities in Oklahoma.

29. The name Community Care is in widespread use by many other health care providers, including in Oklahoma in general and in Tulsa in particular.

30. The term COMMUNITYCARE has not acquired secondary meaning in Oklahoma.

31. The name Community Care is neither distinctive of health care services provided in Oklahoma nor has it acquired secondary meaning for such services, and it is therefore not protectable as a trademark for CCHMO's services.

32. Accordingly, if CCHMO's request for rescission of the Settlement Agreement is granted, Defendants seek a declaration that CCHMO has no protectable trademark rights in the term COMMUNITYCARE for use in connection with health care services.

**FOURTH COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT**

33. Defendants re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 32 of the Counterclaims.

34. In light of CCHMO's pending litigation, Defendants, as interested parties, have standing to seek a declaratory judgment that Defendants do not infringe any valid, legally protectable rights that CCHMO may have in COMMUNITYCARE.

35. Defendants seek a declaration that they are not committing and have not committed any acts of infringement of any valid, legally protectable rights that CCHMO may have in COMMUNITYCARE.

**FIFTH COUNTERCLAIM – UNFAIR COMPETITION**

36. Defendants re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 35 of the Counterclaims.

37. In connection with its goods and services and in connection with Defendants' goods and services, CCHMO has made misstatements of fact to Oklahoma residents, including actual and prospective participants in Defendants' plans, regarding the effect of enrolling in Defendants' Medicare Part D plan.

38. These actions are likely to cause confusion or mistake as well as to deceive Oklahoma residents by misrepresenting Defendants' plan and the effect of enrolling in Defendants' plan.

39. CCHMO's wrongful acts have proximately caused and will continue to cause Defendants substantial injury, including loss of participants, prospective participants, and actual and prospective business partners, injury to its reputation, and diminution of value of its products and services.

40. Accordingly, CCHMO's conduct constitutes unfair competition in violation of Defendants' rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and under the common law of Oklahoma.

**SIXTH COUNTERCLAIM – DECEPTIVE TRADE PRACTICES**

41. Defendants re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 40 of the Counterclaims.

42. CCHMO made misstatements of fact to Oklahoma residents, including Defendants' participants and prospective participants, regarding Defendants, Defendants' plans, and the effect of participating in Defendants' plans. CCHMO misled Oklahoma residents by incorrectly stating, among other things, that participants in Defendants' plans would lose all other Medicare coverage.

43. Accordingly, CCHMO committed deceptive trade practices and thereby violated 15 Okla. Stat. §§ 751 *et seq*.

**WHEREFORE,** National Community Pharmacists Association, MemberHealth, Inc., and Community Care Rx pray for judgment in their favor and against CommunityCare HMO, Inc., and respectfully request the following relief:

1. Judgment in favor of Defendants on each count of CommunityCare HMO, Inc.'s Verified Complaint;

2. Judgment in favor of Defendants on each of their counterclaims;

3. A declaration that CommunityCare HMO, Inc. has no protectable rights in the term COMMUNITYCARE;

4. A declaration that Defendants have not infringed any protectable rights of CommunityCare HMO, Inc. in the term COMMUNITYCARE.

5. Such other and further relief as the Court deems just, equitable, and warranted by the proofs.

**Jury Demand**

Defendants hereby demand a trial by jury for all issues so triable.

January 9, 2007

*s/ Douglas M. Todd*
Lyndon W. Whitmire, OBA # 17164
Douglas M. Todd, OBA # 15378
**PHILLIPS MCFALL MCCAFFREY MCVAY & MURRAH, P.C.**
One Leadership Square, 12th Floor
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
lwwhitmire@phillipsmcfall.com

Richard W. Young
David J. Moorhead
**DRINKLE BIDDLE & REATH LLP**
191 N. Wacker Drive, Suite 3700
Chicago, Illinois 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 9th day of January, 2007, electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Tom Q. Ferguson
Elizabeth Ward Carroll
Doerner, Saunders, Daniel & Anderson, L.L.P.
320 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103-3725
Tel: (918) 582-1211
Fax: (918) 591-5360

***Counsel for Plaintiff***

*s/ Douglas M. Todd*

CH02/ 22472964.3